*DEAN* vs. *CARNAHAN*.

A copy cannot be given in evidence, when the opposite party has produced the original under notice,

APPEAL from the court of the 6th district, the judge of the 5th district presiding.

A payment made under the provisions of the old code, to the holder of the obligation, is valid, altho' the possessor be afterwards evicted of it.

PORTER, J. delivered the opinion of the court. A twelve months' bond was taken by the sheriff of Natchitoches in virtue of an execution issuing out of the district court of the Parish of Rapides. The sheriff returned the bond into office of the parish for which he was appointed, and the obligor finding his bond in the hands of the clerk, paid it to him. The main question in the case is the validity of this payment.

All laws except those in relation to remedies, are presumed to be made for cases which are subsequent to them.

But before that question can be examined, one arising on a bill of exceptions must be disposed of. The plaintiff offered in evidence, a copy of the bond; its introduction was opposed by the defendant, and the court rejected it. We think this decision correct, because the defendant had already produced the original, under a notice from the plaintiff to do so. The copy was therefore secondary and inferior evidence.

We also concur with the judge below on the merits. If the case were to be decided by the amendments lately introduced to our code,

the conclusion he came to, would be errone-
ous. But the bond was given at the time the
old code was in force, and by the 140th arti-
cle of the 5th chapter of that work, page 288,
it is provided that payment made *bona fide* to
him who is in possession of the maker of the
credit is valid, although the possessor be after-
wards evicted.

The agument at the bar turned principally
on the question, which of the laws already al-
luded to, should govern the case. The bond
was given under the old law—the payment
made under the new. Perhaps an act of the
Legislature, such as this, could not be consider-
ed unconstitutional, if it were expressly mad e
for contracts entered into before its passage,
or if it resulted clearly from the whole context
that the law maker intended to apply it to pre-
vious agreements. But it is a sound rule of
construction to consider all laws, except those
which relate to remedies, as applicable only
to contracts entered into after their enactment
We have applied that doctrine to several cases
which can not on principle, be distinguished
from this, more particularly that of *Miller* vs
*Reynolds*, & *al. vol.* 5, 665—*vol.* 3, 17, 6,
*ibid* 586.

DEAN
*vs.*
CARNAHAN.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Johnston* for the plaintiff—*Thomas* for the defendant.